FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 MAR -2 PM 12:23

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

**PILAR DAVILA**

Plaintiff,

Case Number 8:18cv504 T 17 cpT

v.

**WALMART STORES INC.,**

Defendant.

_____/

## Complaint & Jury Demand

1. The Plaintiff, sues Defendant, for violating the Family Medical Leave Act (FMLA).

2. Plaintiff is a resident of Hillsborough County, Florida.

3. Defendant is a for profit corporation.

4. Defendant is incorporated in Arkansas and does business in Hillsborough County, Florida.

5. Defendant's maintains a place of business in Hillsborough County Florida where Plaintiff was employed by Defendant.

6. Defendant conducts business in among other places, Hillsborough County, Florida.

7. The Court has jurisdiction over Plaintiff's claims as said claims involve a federal question.

8. This civil action is premised upon violations of the FMLA.

9. Plaintiff was employed by Defendant for approximately three years prior to the institution of this case.

10. Plaintiff was terminated by Defendant on or about January 26, 2018.

11. Plaintiff has previously been approved for FMLA leave by Defendant, including intermittent leave from October 5, 2017 through October 4, 2018 on account of a serious medical condition.

12. Plaintiff attempted to exercise her FMLA rights in October of 2017, when Plaintiff fell ill due to complications arising from her gall bladder.

13. Plaintiff had previously worked full time for Defendant for approximately the last two years of her employment with Defendant.

14. Plaintiff had presented Defendant with medical certification in relation to the need for FMLA as required.

15. Plaintiff continued working for Defendant until approximately January 8, 2018, despite her illness.

16. Plaintiff was hospitalized on approximately January 8, 2018 on account of Plaintiff's gall bladder.

17. Plaintiff notified Defendant that Plaintiff was hospitalized on January 8, 2018 due to a serious medical condition.

18. Plaintiff notified Defendant on January 9, 2018 that Plaintiff would remain hospitalized on account of her gall bladder and that an operation would be required.

19. Plaintiff's immediate supervisor noted Plaintiff's medical condition and further approved the leave from work on account of Plaintiff's serious medical condition.

20. Plaintiff was released from the hospital on January 12, 2018 and advised Defendant on that date that Plaintiff would be out for approximately two additional weeks in order to recover from the surgery, which Defendant further approved.

21. Plaintiff returned to work on approximately January 29, 2018.

22. Defendant then advised Plaintiff that Plaintiff had been fired unexpectedly for missing time from work on account of the surgery referenced above.

23. Plaintiff followed all known rules and requests imposed upon her by Defendant in regards to exercising Plaintiff's FMLA rights.

24. Plaintiff only used the FMLA time approved and agreed upon by Defendant.

25. Defendant approved the leave sought by Plaintiff referenced above.

26. The FMLA leave sought by Plaintiff, as referenced above, would have and should have been covered by the FMLA, by virtue of Plaintiff's rights under the FMLA and also by virtue of the representations made by Defendant to Plaintiff for the use of FMLA for the time sought.

27. Defendant is an employer as defined by the FMLA, including 29 U.S.C. Section 2611(4).

28. Plaintiff was qualified for FMLA leave during her employment with Defendant. 29 U.S.C. § 2611(2)(A).

29. Defendant specifically authorized Plaintiff's FMLA leave as referenced above.

30. During Plaintiff's employment with Defendant, Plaintiff was an employee in good standing up through and until such time as Plaintiff was terminated by Defendant.

31. Plaintiff advised Defendant of her need for FMLA time promptly and took great care to coordinate the time away from work.

32. Plaintiff sought FMLA leave in a timely manner.

33. Plaintiff notified Defendant with respect to the details and particulars of Plaintiff's need for FMLA leave in a timely manner.

34. While Defendant indicated the FMLA time sought by Plaintiff was approved under the FMLA, upon her return to work Plaintiff was immediately terminated for the time Plaintiff missed from work under the FMLA (gall bladder surgery).

35. In fact, Plaintiff was told by Defendant that she was being fired for using FMLA.

36. Plaintiff complained to Defendant that Plaintiff should not have been fired for using the FMLA.

37. Defendant ultimately hired Plaintiff back on February 13, 2018, but only on a part time basis, whereas Plaintiff had previously been working essentially full time for Defendant.

38. Thus Defendant did not restore Plaintiff to her rightful place of employment and Plaintiff continues to suffer wage loss as a result of Defendant's unlawful actions under the FMLA.

39. Thus, Plaintiff use of FMLA leave resulted in interference and retaliation by Defendant in direct response to Plaintiff's attempts to exercise her FMLA rights. As of this date, Defendant did not respond to Plaintiff's request for documentation and an accounting of Plaintiff's FMLA time as Plaintiff requested in writing on February 8, 2018.

40. Immediately prior to exercising Plaintiff's FMLA rights, Plaintiff had been scheduled to continue working for Defendant and Plaintiff had no reason to fear for her job with Defendant.

41. Plaintiff had been granted FMLA leave as set forth above.

42. Plaintiff did not exceed her FMLA leave.

43. Plaintiff's period of leave from her employment with Defendant had been approved by Defendant as FMLA approved time.

44. Defendant intentionally interfered with and retaliated against Plaintiff's rights under the FMLA by terminating Plaintiff for using FMLA leave, in a manner contrary to law, as set forth above.

45. Defendant interfered with Plaintiff's FMLA rights.

5

46. Prior to Plaintiff's termination, Plaintiff was an employee in good standing with Defendant.

47. During Plaintiff's above referenced period of FMLA leave, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for her job immediately prior to having sought FMLA leave as indicated above and Plaintiff had no reason to believe she would not be able to return to work or be terminated for exercising Plaintiff's rights under the FMLA.

48. Defendant employed at all material times over fifty employees within seventy-five miles of where Plaintiff worked.

49. Defendant is engaged in interstate commerce.

50. Plaintiff worked over 1250 hours for Defendant the 12 months preceding her need for FMLA leave.

51. Plaintiff's suffered from a serious medical condition as indicated and referenced above.

52. The Family and Medical Leave Act requires qualifying employers to provide a 12 week period of unpaid medical leave to employees who have worked for more than 1250 hours in the preceding 12 months. Covered employers are prohibited from denying, interfering with or taking retaliatory measures in connection with an employee's rights under the Family and Medical Leave Act.

53. Defendant intentionally interfered with and denied Plaintiff Family and Medical Leave Act rights by terminating and/or constructively discharging Plaintiff for exercising her FMLA rights, including using Plaintiff's FMLA time away from work as the sole basis for his termination in violation 29 U.S.C. § 2615 (a)(2)&(b)(1).

54. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorneys fees and liquidated damages.

55. Defendant willfully violated the FMLA.

56. Defendant acted in reckless disregard of the FMLA.

57. Defendant did not have a legitimate non-discriminatory reason in terminating Plaintiff.

58. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorneys fees and other relief permitted by law.

DATED this 26 th day of February 2018.

Under penalty of perjury I attest and affirm that the factual statements made above are true and accurate.

*/s/ Pilar Davilla*

**Pilar Davilla**

<u>s/W. John Gadd</u>
W. John Gadd, Esq.
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email –
      wjg@mazgadd.com